**EXHIBIT 1**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Christina Sosa, Esq. SBN 280048
Mail: P.O. Box 262490, San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300 San Diego, CA 92131
TELEPHONE NO.: (858) 375-7385 FAX NO.: (888) 422-5191
ATTORNEY FOR (Name): Plaintiff, Mark Potter

FOR COURT USE ONLY

FILED
NORTH COUNTY DIVISION
2013 NOV 25 AM 9: 34
(10)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 South Melrose Dr.
MAILING ADDRESS: 325 South Melrose Dr.
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North

CASE NAME:
Potter v. Bank of America Corporation

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2013-00077124-CU-BT-NC
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*): 1: TCPA
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 11/20/2013
Christina Sosa, Esq.
(TYPE OR PRINT NAME)
▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUM-100

# SUMMONS
(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2013 NOV 25 AM 9:34

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
BANK OF AMERICA CORPORATION; and DOES 1 TO 5

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
MARK POTTER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decider en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso en la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en al Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puedé pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: San Diego County Superior Court
(El nombre y direccion de la corte es):
325 South Melrose Dr.
Vista, CA 92081

CASE NUMBER: (Numero del Caso): 37-2013-00077124-CU-BT-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Christina Sosa, Esquire, 9845 Erma Road, Suite 300, San Diego, CA 92131-1084 (858) 375-7385

DATE: (Fecha) NOV 25 2013 Clerk, by (Secretario) C.Terriquez, Deputy (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

[Seal]

NOTICE TO THE PERSON SERVED: You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): BANK OF AMERICA CORP.
under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ Other (specify):
4. ☒ by personal delivery on (date): 12-3-13

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

COPY

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

950
AM

Christina Sosa, Esq. SBN 280048
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
Fax: (888) 422-5191
christina@potterhandy.com

Attorneys for Plaintiff

FILED
NORTH COUNTY DIVISION
2013 NOV 25 AM 9:34
CLERK-SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| MARK POTTER<br>Plaintiff,<br>v.<br>BANK OF AMERICA CORPORATION; and DOES 1 TO 5<br>Defendants. | Case No. 37-2013-00077124-CU-BT-NC<br><br>Complaint for Damages and Injunctive Relief Pursuant to:<br>1) The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. |

Plaintiff Mark Potter, on behalf of himself (hereinafter "Plaintiff"), hereby complains and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer on behalf of himself for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA"), which prohibits calls made by an automatic dialer to a consumer's cellular telephone without prior express permission.

2. Defendants engaged in a pattern of deliberate harassment, contacting Plaintiff on his cellular telephone despite the fact that Plaintiff asked Defendants to stop calling the cellular number. The phone calls described above total at least 47 calls. Each of the phone calls described above was placed to Plaintiff's cellular telephone, without his express permission, by means of an automatic telephone dialing system.

3. Plaintiff seeks monetary and injunctive relief based on Defendants' violations of the TCPA.

## II. PARTIES

4. Plaintiff Mark Potter is a natural person who resided in San Diego, California at the time the calls were made and who currently resides in the county of San Diego. He is the primary account holder of the cellular telephone number and is the person who is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

5. Plaintiff alleges on information and belief that Defendant BANK OF AMERICA CORPORATION (hereinafter "Defendant") is a North Carolina corporation that regularly conducts business in San Diego County, and which has its corporate headquarters located at the Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255. Defendant is a multinational banking and financial services corporation. BANK OF AMERICA CORPORATION maintains several offices throughout California. At all times relevant to this Complaint, Defendant has transacted business in the State of California and County of San Diego.

## III. TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. SECTION 227 *ET. SEQ.*

6. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. section 227 in response to a growing number of consumer complaints regarding telemarketing practices.

7. The TCPA regulates, among other items, the use of automated telephone equipment, also known as "autodialers." The language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless

number in the absence of an emergency or the prior express consent of the dialed party.

8. These telephone calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. Further, such calls can be costly and inconvenient.

9. On or about January 4, 2008, the Federal Communication Commission ("FCC") released a Declaratory Ruling wherein it confirmed that autodialed or prerecorded message telephone calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the telephone calls are made with the "prior express consent" of the called party. Express consent is granted only if the wireless number was provided by the consumer to the creditor, and that the number was provided during the transaction that resulted in the debt owed.

## IV. FACTS

9. Beginning in or before July 2011, Defendant placed telephone calls to Plaintiff's cellular phone number.

10. Defendant placed these calls with the intent to communicate with Plaintiff Mark Potter regarding a debt.

11. Plaintiff Mark Potter is a natural person and consumer within the meaning of 15 U.S.C.A. § 1692a(3).

12. The phone calls from Defendant came from telephone numbers (800) 669-0102 and (888) 325-5357.

13. Defendant contacted Plaintiff at his cellular phone at least forty-seven (47) times between November 15, 2009 and November 15, 2013.

14. Defendant called Plaintiff's cellular phone more than five (5) times in a single 24-hour period.

15. On one occasion, Defendant called Plaintiff's mother without disclosing the purpose of the call.

16. On at least five instances Plaintiff specifically informed Defendant it was calling a cellular phone and expressly asked Defendant to stop calling that number.

17. Defendant called Plaintiff's cellular phone number utilizing an autodialer device.

18. The telephone calls placed by Defendant to Plaintiff's cellular phone number via the autodialed device used "an artificial or prerecorded voice" as described in 47 U.S.C. section 227(b)(1)(A).

19. Defendant's calling system, when paired with specialized software, has the capacity to store or produce numbers and dial those numbers at random, in a sequential order, or from a database of numbers.

20. Defendant continued to place such telephone calls despite being told by Plaintiff to not call him on his cellular telephone.

21. Defendant called Plaintiff on his cellular telephone via an auto dial device without his express permission.

22. Defendant's representatives continued to badger Plaintiff with repeated calls to his cellular phone with the intent to harass Plaintiff.

23. Defendant placed telephone calls to Plaintiff's cellular phone number with the knowledge that using an automatic telephone dialing system would be in violation of the TCPA.

24. As a direct result of Defendant's ongoing campaign of harassment, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, embarrassment, anxiety, humiliation, pain and suffering, and other injuries.

25. Defendant's harassing acts were in willful disregard of federal law. As such it was so willful, vexatious, outrageous, oppressive, and maliciously calculated

as to warrant statutory penalties punitive damages and trebling of the minimum $500.00 per telephone call penalty.

## V. CAUSES OF ACTION

### FIRST COUNT

### NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. SECTION 227, *ET. SEQ.*

26. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

27. The Telephone Consumer Protection Act (TCPA) provides, in pertinent part: "It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— [...] (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; [...]" 47 U.S.C. § 227(b)(1).

28. A person may bring an action based on a violation of the TCPA to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). If a court finds that the defendant willfully and knowingly violated the TCPA, it may increase the amount of the award to a maximum of three times this amount, or $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. section 227 *et. seq.* As a result of Defendant's negligent violations of 47 U.S.C. section 227 *et. seq.*, Plaintiff is entitled to an award

of $500.00 in statutory damages for each and every call in violation of statute, pursuant to 47 U.S.C. section 227(b)(3)(B).

30. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

**SECOND COUNT**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. SECTION 227, *ET. SEQ.***

31. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. section 227 *et. seq.*

33. Each of these violations was a willful and knowing violation of the law and makes Defendant liable for treble damages for each such violation in the amount of $1,500.00 per call.

34. Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

///
///
///
///
///
///
///
///
///

## VI. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

1. Damages and statutory penalties for willful and knowing violations of the Telephone Consumer Protection Act in an amount of $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3). In the alternative, and assuming the intentionality is not proved, the plaintiff seeks $500.00 per violation as a result of Cross-Defendant's negligent violations of 47 U.S.C. § 227(b)(1).
2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
3. Any other relief the Court may deem just and proper.

Dated: November 18, 2013

By:____________________
Christina Sosa, Esq.
Attorney for Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 325 S Melrose DRIVE
MAILING ADDRESS: 325 S Melrose DRIVE
CITY AND ZIP CODE: Vista, CA 92081-6695
BRANCH NAME: North County
TELEPHONE NUMBER: (760) 201-8029

PLAINTIFF(S) / PETITIONER(S): Mark Potter

DEFENDANT(S) / RESPONDENT(S): Bank of America Corporation

POTTER VS. BANK OF AMERICA CORPORATION

**NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE**

CASE NUMBER: 37-2013-00077124-CU-BT-NC

**CASE ASSIGNMENT**

Judge: Robert P Dahlquist

Department: N-29

**COMPLAINT/PETITION FILED:** 11/25/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/15/2014 | 09:00 am | N-29 | Robert P Dahlquist |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Superior Court of California
County of San Diego

# NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00077124-CU-BT-NC CASE TITLE: Potter vs. Bank of America Corporation

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Mark Potter | |
| DEFENDANT(S): Bank of America Corporation | |
| SHORT TITLE: POTTER VS. BANK OF AMERICA CORPORATION | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2013-00077124-CU-BT-NC |

Judge: Robert P Dahlquist

Department: N-29

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

______________________

______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________

Date: ______________________

______________________
Name of Plaintiff

______________________
Name of Defendant

______________________
Signature

______________________
Signature

______________________
Name of Plaintiff's Attorney

______________________
Name of Defendant's Attorney

______________________
Signature

______________________
Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/25/2013

______________________
JUDGE OF THE SUPERIOR COURT

**NEW ADVISORY PURSUANT TO SECTION 55.3 OF THE CIVIL CODE**

**STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS**

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. Persons with visual impairments can get assistance in viewing this form through the Judicial Council Internet Web site at www.courts.ca.gov.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.**
Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect at www.dgs.ca.gov. Information is also available from the California Commission on Disability Access at www.ccda.ca.gov/guide.htm.

**YOU HAVE IMPORTANT LEGAL RIGHTS.**
The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present your explanation why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you

may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:**
If the document accompanying this notice is a demand letter from a lawyer and not a formal court complaint, the lawyer is generally required by law to also provide a copy of it to the State Bar of California, until January 1, 2016, in order that the State Bar may determine whether the demand letter complies with legal requirements, INCLUDING THAT THE DEMAND LETTER MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Any demand letter or court complaint must list the lawyer's State Bar license number on the document.

You are encouraged, but are not required, to provide the State Bar with a copy of the demand letter so the State Bar is aware that you received this demand letter and may determine whether it is in compliance with specified legal requirements. A copy of the letter can be sent to the State Bar by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA, 94105, Attention: Professional Competence.

**NEW ADVISORY PURSUANT TO SECTION 55.54 OF THE CIVIL CODE**

**NOTICE TO DEFENDANT**

**YOU MAY BE ENTITLED TO ASK FOR A COURT STAY AN ORDER TEMPORARILY STOPPING ANY LAWSUIT AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET CERTAIN CONDITIONS.**

---

If the construction-related accessibility claim pertains to a site that has a Certified Access Specialist (CASp) inspection report for that site, or to a site where new construction or improvement was approved after January 1, 2008, by the local building permit and inspection process, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form applicable to you are true.

**FURTHER,** if you are a defendant described above (with a CASp inspection report or with new construction after January 1, 2008), and, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the CASp report or building department approval of the new construction or improvement that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim, your liability for minimum statutory damages may be reduced to $1,000 for each offense, unless the violation was intentional, and if all construction-related accessibility violations giving rise to the claim are corrected within 60 days of being served with this complaint.

**IN ADDITION,** if your business is a small business that, over the previous three years, or the existence of the business if less than three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria, you may also be entitled to the court stay and early evaluation conference and your minimum statutory damages for each claim may be reduced to $2,000 for each offense, unless the violation was intentional, and if all the alleged construction-related accessibility violations are corrected within 30 days of being served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take pictures and measurements or similar action to document the condition of the physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

[If you are not a defendant with a CASp inspection report, until a form is adopted by the Judicial Council, you may use the attached form if you modify the form and supplement it with your declaration stating any one of the following:

(1) Until January 1, 2018, that the site's new construction or improvement on or after January 1, 2008, and before January 1, 2016, was approved pursuant to the local building permit and inspection process; that, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the building department approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and that all violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served.

(2) That the site's new construction or improvement passed inspection by a local building department inspector who is a certified access specialist; that, to the best of your knowledge, there have been no modifications or alterations completed or commenced since that inspection approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and that all violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served.

(3) That your business is a small business with 25 or fewer employees and meets the gross receipts criteria set out in Section 55.56 of the Civil Code, and that all violations giving rise to the

claim have been corrected, or will be corrected within 30 days of being served with the complaint.]

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF DEFENDANT | |
| **NOTICE OF STAY & EARLY EVALUATION CONFERENCE** *(CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS)* | CASE NUMBER: |

## STAY OF PROCEEDING

*For a period of 90 days from the date of the filing of this notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claims or claims in this case.*

*This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is in place.*

## NOTICE OF EARLY EVALUATION CONFERENCE

1. This action Includes a Construction-Related Accessibility Claim under Civil Code Section 55.52(a)(1) or other provision of law;

2. A defendant has requested an Early Evaluation Conference and stay of proceedings under Civil Code Section 55.54;

3. The Early Evaluation Conference is scheduled as follows:

   a. Date: ________ Time: ________ Dept: ____ Judge: ________________________

   b. The conferene will be held at ____ (the court address above) or ___ at: ________________

4. The plaintiff The plaintiff and defendant shall attend with any other person needed for settlement of the case unless a party's disability requires the party's participation by a telephone appearance or other alternative means or through the personal appearance of an authorized representative.

5. Any defendant who requested the conference and stay of proceedings pursuant to a "Qualified Defendant" application shall file with the court under seal and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the Early Evaluation Conference, which shall be subject to a protective order for confidentiality.

6. Any defendant who requested the conference and stay of proceedings pursuant to a Civil Code, section 55.52(b)(2)(A) or (B) application shall file with the court and serve on the plaintiff evidence showing correction of the violation or violations within 10 calendar days after the completion of the corrections.

7. Any defendant who requested the conference and stay of proceedings pursuant to a "Small Business" application under Civil Code, section 55.52(b)(2)(C) application shall file with the court and serve on the plaintiff--within 10 days after issuance of this Order--evidence of correction of the violation or violations, if that evidence showing correction was not filed previously with the application and served on the plaintiff. Additionally, the defendant shall file under seal the following confidential documents which are not to be served upon or available to the plaintiff: (A) Proof of the defendant's number of employees, as shown by wage report forms filed with the Employment Development Department; and (B) Proof of the defendant's average gross receipts for the previous three years, or for the existence of the business if less than three years, as shown by a federal or state tax document.

8. The plaintiff shall file with the court and serve on the defendant at least 15 days before the date of the conference the statement required by Civil Code, section 55.54(d)(6).

9. A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues this Notice and Order of Stay of Proceeding and Early Evaluation Conference.

Date: ______________ Clerk, by ______________________________.

---

**REQUESTS FOR ACCOMMODATION**

*Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to www.courtinfor.ca.gov/forms/ for Requests for Accommodations By Persons with Disabilities and Order (form MC-410) (Civil Code Section 54.8).*

---

## PROOF OF SERVICE

(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application for Stay and Early Evaluation Conference Pursuant to Civil Code Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference.

______ On the plaintiff's attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the court issued this Notice and Order of Stay of Proceedings and Early Evaluation Conference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: __________

______________________________

Type of Print Name Signature

______________________________

Address of serving person.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): <br><br> TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | |
| PLAINTIFF <br> DEFENDANT | |
| **DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54** | CASE NUMBER: |

1. Defendant (names) ______________________________________________ requests a stay of proceedings and early evaluation conference pursuant to Civil Code, section 55.54.
2. The complaint in this case alleges a construction-related accessibility claim as defined by Civil Code, section 55.52(a)(1).
3. I am entitled to a stay of proceedings and early evaluation conference and apply under the following:
   a. ____ [Box 4: "Qualified Defendant" Applicant]
   b. ____ [Box 5: "55.52(b)(2)(A)" Applicant]
   c. ____ [Box 6: "55.52(b)(2)(B)" Applicant]
   d. ____ [Box 7: "Small Business" Applicant]

**ONLY one of the above boxes must be checked. Please complete the proper box below.**

**"QUALIFIED DEFENDANT" APPLICATION**

4. The claim concerns a site that (put a check mark if the statement is true)
   a. ____ The site identified in the complaint has been "CASp-Inspected" or "Meets Applicable Standards," or is "CASp Determination Pending" or has been "Inspected by a CASp", and if the site is CASp-Inspected or Meets Applicable Standards, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of the defendant's knowledge.
   b. ____ An inspection report pertaining to the site has been issued by a CASp. The inspection report shall be provided to the court and the plaintiff at least 15 days prior to the court date set for the early evaluation conference.

**BOTH "a" and "b" must be checked for the court to order a Stay & Early Evaluation Conference**

**"55.52(b)(2)(A)" APPLICATION (NEW CONSTRUCTION-PERMITTED-WITH 60 DAY FIX)**

5. The claim concerns a site that (put a check mark if the statement is true)
   a. ____The site's new construction or improvement was approved pursuant to the local building permit and inspection process on or after January 1, 2008, and before January 1, 2016.

    b. ____ To the best of the defendant's knowledge there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim.

c. ____ All construction-related violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served upon the defendant.

**BOTH "a" and "b" must be checked for the court to order a Stay & Early Evaluation Conference**

**"55.52(b)(2)(B)" APPLICATION (NEW CONSTRUCTION-CASp APPROVED-WITH 60 DAY FIX)**

6. The claim concerns a site that (put a check mark if the statement is true)

a. ____ The site's new construction or improvement was approved by a local building department inspector who is a certified access specialist.

b. ____ To the best of the defendant's knowledge there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim.

c. ____ All construction related violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served upon the defendant.

**BOTH "a" and "b" must be checked for the court to order a Stay & Early Evaluation Conference**

**"SMALL BUSINESS" APPLICATION**

7. The claim concerns a site that (put a check mark if the statement is true)

a. ____ The defendant is a small business that employs 25 or fewer employees and meets the gross receipts eligibility criteria provided in paragraph (2) of subdivision (f) of Section 55.56 of the Civil Code.

b. ____ All construction-related violations giving rise to the claim have been corrected, or will be corrected within 30 days of the complaint being served upon the defendant.

**BOTH "a" and "b" must be checked for the court to order a Stay & Early Evaluation Conference**

**Additional Requirement 1:** An application for an early evaluation conference and stay by a small business defendant shall include evidence showing correction of all violations within 30 days of the service of the complaint and will be served upon the plaintiff with the reply unless the application is filed prior to completion of the corrections. In that event, the evidence shall be provided to the court and served upon the plaintiff within 10 days of the court order issuing granting the application.

**Additional Requirement 2:** An application for an early evaluation conference and stay by a small business defendant shall also include both of the following which shall be confidential documents filed only with the court and not served upon or available to the plaintiff:

i. Proof of the defendant's number of employees, as shown by wage report forms filed with the Employment Development Department.

ii. Proof of the defendant's average gross receipts for the previous three years, or for the existence of the business if less than three years, as shown by a federal or state tax document.

8. I am requesting the court to:

a. Grant a 90–day stay of the proceedings with respect to the construction-related accessibility claim pursuant to Civil Code, section 55.54(d)(1).

b. Schedule a mandatory early evaluation conference no sooner than 50 days before the filing of this request but no later than 70 days after the issuance of the stay/early evaluation Order pursuant to Civil Code, section 55.54(d)(2).

c. Direct the parties, and any other person whose authority is required to negotiate and enter into settlement, to appear in person at the time set for the conference pursuant to Civil Code, section 55.54(d)(3).
d. Directs a "Qualified Defendant" applicant (Box 4) to file with the court and serve on the plaintiff a copy of any relevant CASp inspection report at least 15 days before the date of the conference pursuant to Civil Code, section 55.54(d)(4)(A).
e. Direct a "55.52(b)(2)(A) or (B)" applicant (Box 5 or 6) to file with the court and serve on the plaintiff evidence showing correction of the violation or violations within 10 calendar days after the completion of the corrections pursuant to Civil Code, section 55.54(d)(4)(B).
f. Direct a "Small Business" applicant (Box 7) to file with the court and serve on the plaintiff within 10 days after issuance of the court order evidence of correction of the violation or violations, if that evidence showing correction was not filed previously with the application and served on the plaintiff pursuant to Civil Code, section 55.54(d)(4)(C).
g. Directs the parties that the CASp inspection report may be disclosed only to the court, the parties to the action, the parties' attorneys, those individuals employed or retained by the attorneys to assist in the litigation, and insurance representatives or others involved in the evaluation and settlement of the case pursuant to Civil Code, section 55.54(d)(5).
h. Directs the plaintiff to file with the court and serve on the defendant at least 15 days before the date of the conference the statement required by Civil Code, section 55.54(d)(6).

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

_______________________________ ▶ _______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)